IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ERIC KING,

    Defendant.

## PROTECTIVE ORDER

Before the Court is an Unopposed Motion for Protective Order, filed pursuant to Federal Rule of Criminal Procedure 16(d). The Court finds good cause exists to impose limitations on the dissemination of confidential information or sensitive data. Accordingly, IT IS ORDERED:

1. Defendant Eric King is an inmate in the Federal Bureau of Prisons. This Protective Order shall apply to certain documents, materials, manuals, books, papers, data, or other objects produced in connection with this case, pursuant to Rule 16, and marked "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" ("CONFIDENTIAL INFORMATION"). This Protective Order shall apply to: 1) the government, its agents, consultants and experts; 2) the Defendant, through his counsel and his counsel's agents, consultants and experts; 3) the Court and its staff; 4) other parties identified only by amendment to this Order.

1

2. Unless otherwise agreed to by the parties, or ordered by this Court, Confidential Information may be viewed, but not retained, by the Defendant.

3. The following information may be designated and disclosed as Confidential Information: 1) communications between the Department of Justice, the Federal Bureau of Investigation, and the Federal Bureau of Prisons; 2) documents disclosing internal operations of the Federal Bureau of Prisons, relating to institutional security and/or safety, including the defendant's central inmate file; 3) documents containing information exempted from disclosure under the Freedom of Information Act; 4) documents disclosing sensitive, internal law enforcement operations or techniques; 5) documents containing information of persons other than the defendant and subject to the Health Insurance Portability and Accountability Act ("HIPPA"); 6) documents disclosing the Bureau of Prisons' sensitive deliberative process; 7) documents disclosing institutional adjustments of the Defendant; and 8) information protected by the Privacy Act of 1974.

4. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except proceedings in this case.

5. This Order applies only to the dissemination of Confidential Information and is not intended to interfere with or prevent defense counsel from building general institutional knowledge in preparation of the defense. The protections granted by this Protective Order shall not be waived.

6. CONFIDENTIAL INFORMATION may be reproduced electronically for litigation management purposes only.  Electronically reproduced CONFIDENTIAL

INFORMATION must retain the "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" watermark, header or footer.

7. Transmittal of Confidential Information: A copy of this Order shall accompany Confidential Information transmitted to an agent, consultant, or expert retained by either party. The transmitting party shall obtain from each recipient, a dated, signed acknowledgment of receipt of this Order and the confidential information transmitted, identified by bates number, or data file.

8. Confidential information attached to a pleading shall be filed as a restricted document in conformance with D.C.Colo.LCrR47.1, and will maintain all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers.

9. Confidential information offered as an exhibit in pretrial proceedings must be submitted with all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers and will be docketed as restricted.

10. Watermarks, headers, footers, and other indicia identifying a document as "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury. Upon conclusion of the proceedings before this Court, all exhibits subject to this provision shall be returned to the government and preserved as modified under this provision for the record on appeal.

11. A party may object to the designation of discovery as Confidential Information. Objections shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions filing deadline, whichever is later. Documents subject to objection shall be filed as restricted, consistent with the

provisions of this Order.  Before filing any objection under paragraph 11, the objecting party must confer with counsel for the government to resolve any objections.

12. Counsel for the defendant may retain a single electronic copy of the materials designated as CONFIDENTIAL INFORMATION  The digital file shall retain any original marks of "CONFIDENTIAL - MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order.

13. The parties shall maintain a record of compliance with this Order.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this _____ day of _____.

_____
United States District Judge