IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-CR-00257-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC KING,

Defendant

---

### THIRD DEFENSE MOTION FOR CONTINUANCE OF PRETRIAL MOTIONS FILING AND TRIAL DATES

---

Mr. Eric King, Defendant, by counsel, hereby respectfully requests this Court to continue the dates currently set in the Court's Order Re-Setting Trial Dates and Related Deadlines dated January 6, 2020. See Docket Nos. 31, 32. Specifically, Mr. King and counsel request that, pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 18 U.S.C. §3161(c)(1) and 1 U.S.C. §3163, this Court re-set the trial and pretrial dates for a minimum of 90 days from the dates on which the matter is currently set. The government does not oppose this request, and the ends of justice will be served in that postponing the trial date is necessary for Mr. King to receive due process, a fair trial, and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Although the indictment against Mr. King alleges only one count, the Bureau of Prisons' treatment and investigation of Mr. King involves a series of complex Constitutional

and legal questions about the conditions of Mr. King's confinement and the quality of the investigation conducted by the Bureau of Prisons (BOP).  In support of this request, Mr. King states the following:

1. This is Mr. King's third request for a continuance. He is being held at FCI Englewood in Littleton, Colorado.

2. The Court's January 6, 2020 order resetting trial date and related deadlines (Docket No. 32) currently requires that all pretrial motions be filed no later than March 30, 2020, with responses due by April 9, 2020. The order further set a Final Trial Preparation Conference on April 20, 2020, with a four-day jury trial scheduled to commence on April 27, 2020.

3. Mr. King is detained because he is currently serving a sentence in the Federal Bureau of Prisons (BOP) for Use of Explosive Materials to Commit Arson of Property Used in/Affecting Interstate Commerce in violation of 18 U.S.C. §844(h). Mr. King very publicly acknowledged during his guilty plea and sentencing for the offense that he threw two molotov cocktails and a hammer into an unoccupied Kansas City congressional office as a form of direct political action taken in solidarity with the community of Ferguson, Missouri following the August 2014 police killing of Michael Brown, Jr.

4. The PSI in Mr. King's original case reflected no prior history of convictions or violence, and he was consequently designated to serve his sentence at FCI Englewood, a low-security BOP facility in Littleton, Colorado. Information provided by the government in discovery shows that Mr. King was transferred out of Englewood in January 2017 following a disciplinary report alleging that Mr. King threatened a staff member. See Exhibit 1: January 6, 2017 BOP Transfer

Request. Further information shows that staff at FCI Englewood read Mr. King's private diary and reported certain drawings and poetry as a threat to staff. See Exhibit 2: January 6, 2017 Incident Report, Investigation, and Discipline Hearing Officer (DHO) Report. Discovery from the government shows that Mr. King is a poet and writer who was at one point asked to teach other prisoners how to write poetry. See Exhibit 3: Certificate of Poetry Teaching Completion. Even though Mr. King is a prisoner, the contents of Mr. King's diary were and remain protected political expression because "prison walls do not form a barrier separating inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78 at 84 (1978). Defense counsel may need to file motions pursuant to the First Amendment, Fourth Amendment, and Federal Rules of Evidence 403 and 404(b) regarding the search, seizure, relevance, and admissibility of the contents of Mr. King's diary and/or disciplinary record. Counsel needs time to meet and confer with the government regarding what, if any, parts of Mr. King's diary and/or BOP disciplinary history may need to be subject to litigation before the Court.

5. Mr. King was transferred to FCI Florence from FCI Englewood on January 6, 2017 after staff read Mr. King's diary. The accusation in the indictment is alleged to have occurred at FCI Florence on August 17, 2018, after an Administrative Lieutenant ordered Mr. King to a purported interview in a storage room. All of Mr. King's communications are carefully monitored, and information provided by the government shows that Administrative Lieutenant aimed to interview Mr. King about a 1:13 PM email to his wife in which Mr. King relayed a second-hand report of an unknown Florence prisoner hitting a different officer earlier on August 17, 2018. See Exhibit 4: August 17, 2018 Eric King email.

6. Although BOP staff did not report seeing injuries on Mr. King following the encounter with the Administrative Lieutenant in the storage room, information provided by the government shows that BOP officers heard Mr. King say that the Administrative Lieutenant hit him and that Mr. King was defending himself. A brief medical assessment performed in the FCI Florence SHU on August 17, 2018 shows that Mr. King complained of trouble breathing and reported pain in his head described as a "7 out of 10." The government provided several photos and videos of Mr. King taken in the hours and days following August 17, 2018 which clearly show that Mr. King had injuries and bruising to his face. See e.g., Exhibit 5: August 20, 2018 photograph. Mr. King has experienced tingling in his limbs, headaches, blurred vision, and nausea daily since August 17, 2018, and has sought medical evaluation and treatment from the BOP during that time. The government has indicated to counsel that the government will seek and provide Mr. King's medical records maintained within the BOP system – the BOP did not send these records in response to a request by counsel on Mr. King's behalf. Mr. King and counsel need to review such records to determine whether or not to seek an independent neurological evaluation of Mr. King and/or to request expert funds from the Court pursuant to Caldwell v. Mississippi (472 U.S. 320 (1985)) and 18 U.S.C. § 3006A(e)(1). Counsel currently lacks sufficient information to determine whether or not such a request would be meritorious or of assistance to Mr. King's defense and counsel, the Court, and/or the jury in understanding and litigating issues for trial (for example, Mr. King's ability to rationally understand the proceedings against him and the neurological implications for involuntary statements made in response to interrogation following facial injury, head injury and an extended time held in a stress position) as well as the implications that any injuries and neurological damage would have for sentencing, should Mr. King be found guilty of the allegation in the indictment. Upon receipt and assessment of the medical records, the defense will further require time to provide

4

the government with any reciprocal discovery and/or expert disclosures pursuant to Rule 16(b). Fed. R. Crim. P. 16.

7. At approximately 1:40PM on August 17, 2018 several FCI Florence officers apprehended Mr. King in the storage room as the Administrative Lieutenant left the scene. The officers put Mr. King on the ground, handcuffed him, and moved him into the yard of the prison where they strapped him into a special restraint chair and carried him to the SHU. Video evidence provided by the government shows that Mr. King was not yelling, striking at officers, or resisting the officers who detained Mr. King and moved him to the SHU. Mr. King remained calm in the SHU as officers cut off Mr. King's clothing, "four point" shackled Mr. King's limbs to the corners of his bed with handcuffs, and left him alone in that position for at least five hours. See Exhibit 6: August 17, 2018 photo. Discovery provided by the government shows that Mr. King was unable to move his arms or legs, drink water, or use the toilet during the entire period, and that he reported to staff that he urinated on himself. Afterwards, Mr. King was transferred to isolation in the SHU at USP Florence, where he stayed until he was interrogated by BOP Special Investigative Service (SIS) officers on August 20, 2018 before being transferred to USP Leavenworth that same day. The government has agreed to seek and provide the defense with additional information regarding the restraint, confinement, interrogation, and transfer of Mr. King at FCI & USP Florence August 17-20, 2018. Such information is necessary in order for counsel to determine whether or not to file a motion to suppress Mr. King's statements to law enforcement as involuntary and/or obtained in violation of his Fifth Amendment Miranda rights.

8. The parties are attempting to investigate and account for gaps in the evidence currently provided. The government has provided the defense with video obtained by BOP staff of interactions with Mr. King August 17-20, 2018 at FCI and USP Florence, but the videos lack time stamps. The information already provided shows that Mr. King was held in hard four point shackles in the FCI Florence SHU starting at approximately 2:10PM until at least 7:15PM, and that he was transferred to the USP at approximately 9:00PM on August 20, 2018. Florence staff documented that the entire six hour and fifty minute (410 minute) shackling and confinement of Mr. King in the FCI Florence SHU was filmed for staff security, but counsel for both parties each currently possess only 300 minutes of video. The government is also unable to locate other types of evidence: in November 2018 FCI Florence staff acknowledged to the FBI that they could not find the original copy of the waiver of <u>Miranda</u> rights signed in the USP Florence SHU by Mr. King on August 20, 2018. <u>See</u> Exhibit 7: November 15, 2018 FD-302. Significantly, Mr. King indicated at the time of questioning that he felt coerced by the conditions to which he had been subjected, asking "why I can't get a toilet that works? Why do the lieutenants when I tell them, hey my toilet's overflowed with diarrhea, they tell me, that's what you deserve, and deal with it? Because that in itself feels like coercion. Do whatever it takes so you can get out of this cell." Several minutes later Mr. King explained to his interviewers "they beat me, chained me up, put me in four point restraints, left me there for a couple of hours, put me in other restraints and brought me here. I asked them where is [sic] the cameras in this room, please review the cameras and was told 'oh we don't keep cameras back there, that's our special room'." The government has represented to counsel that the government is investigating the issue of missing evidence, and counsel for Mr. King may need to raise the issue of destruction of apparently exculpatory evidence pursuant to <u>California v. Trombetta</u> (467 U.S. 479 (1984)) or of potentially useful evidence pursuant to <u>Arizona v.</u>

6

Youngblood (488 U.S. 51 (1988)). Unlike the missing USP Florence prison videos in United States v. Lavallee (439 F.3d 670 (10th Cir. 2006)) which were destroyed according to policy years after USP Florence guards engaged in a vast criminal conspiracy to deprive prisoners of their rights through beatings and falsification of evidence, the videos in this case were specifically requested by an attorney for Mr. King in a September 20, 2018 letter to the BOP requesting preservation of video evidence depicting the August 17, 2018 incident and treatment of Mr. King. See Exhibit 8 – September 20, 2018 letter. The parties need time to ascertain the status of such videos, and to meet and confer prior to the defense filing any appropriate motions.

9. Counsel for Mr. King consulted with the United States Attorney prior to requesting permission from the Warden of FCI Florence for Mr. King's counsel and investigator to conduct a mid-March site visit to FCI Florence in accordance with Rule 16. Counsel requested permission from the warden to inspect the storage room where the Administrative Lieutenant took Mr. King, the restraint chair in which Mr. King was carried, and SHU where he was shackled and confined. A continuance is necessary so that counsel can inspect the physical premises in order to adequately investigate this matter and properly litigate any issues arising from such investigation, including the issues cited above. As of the date of filing this request, counsel has not received a response from the Warden of FCI Florence to the defense request for a site visit.

10. On January 31, 2020 Counsel for Mr. King informally requested additional discovery from the government. The government responded on February 14, 2020 that the government would provide some of the additional information and documentation requested, but would need additional time to produce the requests. Although the parties are working to confer and resolve

7

issues without putting motions before the Court, counsel anticipates that it may be necessary to ask the Court to determine whether or not certain requested documents and information are discoverable pursuant to Rule 16, and whether certain requests are subject to disclosure as exculpatory or mitigating evidence pursuant to the United States Constitution, <u>Brady v. Maryland</u> (373 U.S. 83 (1963)), <u>Giglio v. United States</u> (405 U.S. 150 (1972)), and <u>Kyles v. Whitley</u> (514 U.S. 419, 434 (1995)). Given that the government has indicated that additional information will be forthcoming, counsel needs additional time to review any new information and to confer with the government prior to filing any formal discovery requests.

11. Mr. King has severe cataracts and has worn glasses throughout his life. His glasses were recovered as evidence on August 17, 2018 from the floor of the FCI Florence storage room following the encounter with the Administrative Lieutenant. At Mr. King's Arraignment on August 29, 2019 counsel from the Public Defender's office told the Magistrate Judge that Mr. King's lack of glasses was actively interfering with his ability to read and understand written documentation about this case. FCI Englewood had a valid prescription for Mr. King's glasses dated September 18, 2019, but Mr. King was not provided this prescription until December 11, 2019; his family was able to purchase and send a pair of glasses which Mr. King received on January 3, 2020[1]. On information and belief, Mr. King's capacity to see and retain information was significantly affected by his inability to read without pain for the first four months that this case was pending before the Court. As of the date of filing, Mr. King has been able to clearly see written words for approximately six weeks and needs additional time to adequately understand the evidence disclosed thus far in discovery.

---

1  The issues surrounding FCI Englewood interference with Mr. King's access to the courts and counsel through medical neglect will be further addressed in a forthcoming Defense Motion for Review of Detention Order and request for hearing

8

12. The continuance requested is necessary for effective trial preparation by counsel, taking into account the scope of the issues presented, the exercise of due diligence, and the interests of justice. Under these particular circumstances, the interests of justice would be served through the requested continuance. The necessity of the continuance and the interests of justice outweigh the best interest of the public and Mr. King in a speedy trial.

13. Mr. King is aware of, joins in, and consents to this request. Counsel has been unable to visit or communicate by phone with Mr. King since Monday, February 10, 2020 and as a result has been unable to have Mr. King execute a signed waiver of the Speedy Trial Act.[2]

14. Counsel for Mr. King has conferred with the government regarding this request. The government has represented that the United States does not oppose this continuance request.

15. The parties respectfully request that trial date be continued from April 27, 2020 for a minimum of 90 days to July 27, 2020, or any date thereafter[3] that will not interfere with the Court's docket. Mr. King further asks the Court to find that the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendant in a speedy trial.

---

[2] FCI Englewood has held Mr. King indefinitely in the SHU, and he is unable to use the phone to initiate contact with counsel. Counsel's ability to communicate with Mr. King depends entirely on coordination with and responsiveness of BOP staff at FCI Englewood. The issues surrounding FCI Englewood interference with Mr. King's access to the courts and counsel will be further explored in a forthcoming Defense Motion for Review of Detention Order and request for hearing.

[3] Counsel for Mr. King will be unavailable June 27-July 6, 2020. Counsel for the United States will be unavailable the weeks of July 20-24, July 27-31, and August 3-7, 2020, and the parties jointly request that the Court avoid setting the final trial preparation conference or trial during these dates.

For the foregoing reasons and all others that may appear to this Court, Mr. Eric King hereby requests that this Court find that a continuance of the pretrial and trial dates will serve the ends of justice, and in so finding order that the Pretrial Motions filing deadline and trial date in this matter be continued for a minimum of ninety days.

Respectfully Submitted,
ERIC KING
By Counsel


*s/ Sandra C. Freeman*
SANDRA C. FREEMAN
Law Office of Sandra C. Freeman, Esq.
7492 E. 5th Avenue, Suite 300
Lakewood, Colorado 80226
Telephone:    720-593-9004
Email:            sandra.c.freeman@gmail.com


*s/ Meghan D. Maurus*
MEGHAN D. MAURUS
2364 Paseo de las Americas, #104-301
Telephone:    917-204-1436
Email:            m.maurus16@gmail.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 25, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of this filing to following address:

Aaron Teitelbaum, Esq.
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: 303-454-0209
Email: aaron.teitelbaum@usdoj.gov


I further certify that I have mailed or served this filing with the non-CM/ECF Participant with this document via United States mail:

Eric King, #27090-045
FCI Englewood
Federal Correctional Institution
9595 West Quincy Ave
Littleton, Colorado 80123



*s/ Sandra C. Freeman*
SANDRA C. FREEMAN
Law Office of Sandra C. Freeman, LLC.
7492 E. 5th Avenue, Suite 300
Lakewood, Colorado 80226
Telephone:     720-593-9004
Email:          sandra.c.freeman@gmail.com

11