IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. **ERIC KING**,

 Defendant.

---

### ORDER SETTING EVIDENTIARY HEARING

---

  This matter comes before the Court on Defendant Eric King's Amended Motion to Suppress ("Motion"). (ECF No. 114.) The Court has reviewed the Motion, the Government's response, and the Defendant's reply. (ECF Nos. 114, 20, 143.)

  In the Motion, Defendant requests that the Court suppress two statements: (1) statements that Defendant made on August 20, 2018 during an interview with Federal Bureau of Prisons ("BOP") Lieutenants Silva and Erb; and (2) statements that Defendant made on January 31, 2019 at a Discipline Hearing Officer ("DHO") hearing. (ECF No. 114.) Upon due consideration, the Court finds that there are disputed material facts relating to whether these statements were voluntarily made by the Defendant. These disputes require the Court to make factual findings in order to resolve the Motion. *See* Fed. R. Crim. P. 12(d).

  In the interests of judicial expediency, the Court will clarify what will *not* be at issue at the evidentiary hearing. In the Motion, Defendant argues that his Fifth

1

Amendment right to counsel was violated because he was not properly given *Miranda* warnings for the statements he wishes to suppress. (ECF No. 114 at 5–12.) In its response, the Government states that it only intends to use the statements for impeachment and cross examination purposes if Defendant testifies at trial. (ECF No. 120 at 7.) Therefore, the Government states that the Court need only determine whether the statements were voluntary and need not determine whether Defendant received proper *Miranda* warnings before making the statements. (*Id.* at 6–7.) In his reply, Defendant concedes this point and states that "[t]he voluntariness of [his] statements are disputed by the parties . . .," and therefore, Defendant requests an evidentiary hearing under 18 U.S.C. § 3501(a). (ECF No. 143 at 1 (citing *Jackson v. Denno*, 378 U.S. 368, 380 (1964) (a defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined)).) The Court will hold the Government to its representation that it will not seek to introduce these statements in its case in chief. Therefore, the Court will only take evidence on whether the statements were voluntary, not whether Defendant was given proper *Miranda* warnings, and will determine whether or not to suppress these statements based solely on the former.

Accordingly, an evidentiary hearing on Defendant's Motion is hereby SET for **October 14, 2021 at 9:30 a.m. in person** in Courtroom A801, at which time the Court will hear evidence **solely** on the aforementioned factual disputes.

It is FURTHER ORDERED that counsel are directed to Section V of this Court's Revised Practice Standards regarding Courtroom Procedures and Deadlines applicable

to evidentiary hearings.  To maximize efficient use of hearing time, counsel should prepare their exhibits and exhibit lists using the form available [here](), and consistent with Section IV.B.4.b. of the undersigned's Revised Practice Standards, including the requirement to stipulate to the authenticity and/or admissibility of exhibits to the maximum extent possible in advance of the hearing.

Dated this 29th day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge