IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC KING,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S RENEWED MOTION TO REQUIRE CERTAIN DOCUMENTS OR
IN THE ALTERNATIVE, MOTION TO RECONSIDER ECF NO. 146**

---

The Government charges Defendant Eric King with one count of assaulting or obstructing a federal official in violation of 18 U.S.C. §§ 111(a)(1), (b). (ECF No. 1.)

Before the Court is Defendant's Renewed Motion to Require Certain Documents Or In the Alternative, Motion to Reconsider ECF No. 146. (ECF No. 165.) The Government filed a response (ECF No. 167), and Defendant filed a reply (ECF No. 169).

The Court presumes familiarity with the events underlying this case, which are recounted elsewhere, and the history of this case. (*See, e.g.*, ECF Nos. 145, 176.) For the reasons set forth herein, the Motion is granted in part and denied in part.

**I. LEGAL STANDARD**

Notwithstanding the fact that Defendant alternatively styled the Motion as a motion for reconsideration, the Court analyzes this Motion under the applicable

discovery standards.  The Court previously set forth the legal standards for discovery motions in its Order Denying In Part And Denying As Moot In Part Defendant's Motion to Require Certain Documents.  (ECF No. 146.)

## II. ANALYSIS

**A.     The Lt. Estrada Incident Report - Timestamp**

Defendant requests that the Government produce the Federal Bureau of Prisons ("BOP") incident report written in connection with the assault on Lieutenant Estrada at FCI Florence.  (ECF No. 165 at 4.)  Specifically, Defendant wishes to review the timestamps on the report to see what time the officer writing the report was working on the document.

In response, the Government states that "there is no document that shows the time a reporting officer was *working* on the document."  (ECF No. 167 (emphasis in original).)  The Court has no reason to doubt the Government's representation that the report does not reveal the information Defendant seeks, and therefore, the Court denies this portion of the Motion.

**B.     Documentation of Any/All Investigation(s) and Findings from Internal BOP and/or DOJ Investigations Regarding Mr. King's Allegations of Misconduct Against BOP Staff**

The Government states that it will provide the requested discovery, provided the Court enters a protective order.  (ECF No. 167 at 3.)  Because the Government has agreed to provide the requested discovery, the Court grants this portion of the Motion.  The Government is directed to submit to the Court a proposed protective order to which the Defendant does not object not later than **December 1, 2021**.  The Court will enter the protective order, and thereafter, the Government is directed to produce the responsive documents not later than **December 3, 2021**.

**C.     Documentation Regarding Lt. Wilcox's August 2018 Worker's Compensation Claim, and Worker's Compensation Claims Prior to August 17, 2018**

Defendant requests that the Government produce in unredacted form one page of a worker's compensation document related to the August 17, 2018 incident, which mentioned prior worker's compensation claims made by Lieutenant Wilcox. (ECF No. 165 at 11.)

In response, the Government states that it endeavored through other channels to determine if there were other claims filed by Lieutenant Wilcox about other injuries suffered at the hands of inmates. (ECF No. 167 at 4.) The Government states that it reviewed Lieutenant Wilcox's personnel file and can state that the file contains no inmate complaints filed against him, no other instances of misconduct reported that is relevant to this case, and nothing to indicate Lieutenant Wilcox took time off from work for injuries suffered while on the job related to inmate conflicts. (*Id.*)

The Court has no reason to doubt the Government's representations, and therefore, denies this portion of the Motion.

**D.     Reports in the Last Five Years Where Lt. Wilcox Was Involved in a Documented Use of Force Situation**

Defendant requests reports from the last five years where Lieutenant Wilcox was involved in a documented use of force situation, and also requests an *in camera* review of Lieutenant Wilcox's personnel file in order to confirm or deny the existence of any use of force incidents within the last five years. (ECF No. 165 at 12.)

In response, the Government contends that even if there were records showing Lieutenant Wilcox was involved in use of force situations during his career in BOP, in no way would those documents be probative of his character for truthfulness. (ECF No.

167 at 5.)

Upon due consideration, the Court denies this portion of the Motion for lack of good cause shown.

**E.     Additional Discovery Not Previously At Issue in Mr. King's First Motion to Require Certain Documents**

For the first time in this case, Defendant requests clear color photos of himself from August 17, 2018 and BOP transfer records from his transfer from FCI Florence to USP Florence.  (ECF No. 165 at 12–14.)  However, Defendant never requested and the Court never granted leave for Defendant to file additional discovery requests beyond the motions deadline in this case, which expired on September 14, 2021.  (ECF No. 92.)  Therefore, the Court denies Defendant's request for additional discovery as untimely.

## III. CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion to Require Certain Documents Or In the Alternative, Motion to Reconsider ECF No. 146 (ECF No. 165) is GRANTED IN PART AND DENIED IN PART, as set forth above.

Dated this 29th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4