IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC KING,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED EXHIBIT AND WITNESS LIST[S] AND GRANTING THE GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE [TO] CORRECT ITS RESPONSE AT ECF 200**

---

    Before the Court is Defendant Eric King's Motion for Leave to File Amended Exhibit and Witness List[s] ("Motion"). (ECF No. 195.) The Government responded in opposition. (ECF No. 200.) Also before the Court is the Government's Unopposed Motion for Leave [to] Correct Its Response at ECF 200. (ECF No. 201.)

    For the following reasons, the Court: (1) grants Defendant's request to amend his exhibit list and denies Defendant's request to amend his witness list; and (2) grants the Government's request to amend its response brief.

    In the Motion, Defendant states that since the filing of his original exhibit and witness lists (ECF Nos. 130, 136), the Government has provided over four hundred pages of additional discovery material. (ECF No. 195 at 1.) Additionally, Defendant states that the Court has made several additional rulings since it filed those lists, which have resulted in some changes to Defendant's witness and exhibit lists. (*Id.*)

Specifically, Defendant states that

> [t]hese changes include the removal of several witnesses that were previously listed, and the addition of two witnesses that are necessary in response to the Court's ruling on Mr. King's motions *in limine*, removal of exhibits pursuant to the Court's motion *in limine* rulings, and addition of exhibits based on the [G]overnment's disclosure of relevant information after September 24, 2021.

(*Id.* at 2.) Finally, Defendant asserts that should his exhibit and witness lists remain unchanged from his original filings, they may "be in violation of the Court's subsequent orders and hamper the presentation of Mr. King's defense."[1] (*Id.*) Thus, Defendant requests that the Court permit amendment of his exhibit and witness lists. (*Id.*)

As an initial matter, the Government does not oppose Defendant's request to amend his exhibit list. (ECF No. 200 at 2.) Therefore, the Court grants this portion of the Motion.

Regarding Defendant's request to amend his witness list, the Court denies that portion of the Motion for the following reasons. In the Motion, Defendant does not identify what witnesses he seeks to add or remove from his witness list, nor does he specifically explain why he must do so, beyond the general and conclusory arguments reiterated above. Had the Government not identified the witnesses Defendant purportedly seeks to add to his witness list (*id.* at 6), the Court would not know which individuals are the subject of the Motion.

Importantly, Defendant fails to develop any argument demonstrating why he could not have endorsed these additional witnesses in the fall of 2021, or at the very

---

[1] Despite this argument, Defendant does not argue that should the Court deny his request to amend his witness list, he will be denied a fair trial within the meaning of the United States Constitution, nor does the Court believe that he will be. In addition, Defendant cites no legal authority in support of his arguments. (*See* ECF No. 195.)

2

least, immediately after the Court issued its ruling on the last pending motion in this case, which was its Order on Motions *in Limine*, filed on January 26, 2022 (ECF No. 187).  *See United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived). Moreover, Defendant fails to explain how the Court's rulings since the filing of his original witness list constitutes good cause to amend his witness list.  Critically, Defendant also fails to address the potential prejudice to the Government stemming from this eleventh-hour attempt to endorse additional witnesses.  As the Government explains in its response, such failure is exacerbated by the fact that Defendant has failed to identify these witnesses with sufficient specificity which would even allow the Government to identify them and interview them prior to trial.  (*See* ECF No. 200 at 10–11.)

Next, Defendant's failure to comply with the *Touhy* requirements set forth in 28 C.F.R. §§ 16.21, et seq., also dooms his request.[2]  As the Government explains, several of the witnesses Defendant seeks to add to his witness list are government employees—specifically, employees of the Federal Bureau of Prisons.  (*Id.* at 6.)  In Defendant's February 14, 2022 e-mail to the Government informing it that Defendant had "amended [their] witness list," Defendant did not explain the relevance of the testimony of any of these witnesses.  (*Id.* at 5–6.)  Although the Government states that

---

[2] The *Touhy* regulations set forth detailed procedures that a defendant must follow for obtaining the testimony of a federal employee in his official capacity at trial.  *See generally* 28 C.F.R. §§ 16.21, et seq.  The regulations prohibit a federal employee from testifying in response to a subpoena without approval by an appropriate Department of Justice attorney such as the assigned AUSA.  The party seeking the testimony must furnish "an affidavit, or, if that is not feasible, a statement by the party seeking the testimony . . . setting forth a summary of the testimony sought."  *Id.* § 16.23(c); *see also, e.g.*, *United States v. Boutte*, 2019 WL 885935, at *3 (D.N.M. Feb. 22, 2019) (unpublished) (noting that "to subpoena a government agent or government employee, a defendant must serve a *Touhy* notice).

in its responsive e-mail sent on February 21, 2022, it explained the lack of compliance with the *Touhy* requirements to defense counsel, defense counsel failed to respond to that portion of the Government's e-mail.  (*Id.* at 6–7.)

When the Government sent defense counsel a follow-up e-mail on the same issues on February 25, 2022, reiterating its concerns with Defendant's failure to comply with the *Touhy* requirements as it pertains to Officers Walker, Haight, Jordan, and McCulley, Defendant *again* failed to respond to that e-mail.  (*Id.* at 7.)  Instead, Defendant filed the Motion, which fails to demonstrate that Defendant has even *attempted* to comply with his *Touhy* obligations at all, much less fully complied with them.  (*See* ECF No. 195.)  As the Government points out, Defendant's Motion also omits any reference to the Government's position on this issue or any of the aforementioned e-mail correspondence.  (ECF No. 200 at 7–8.)

Finally, Defendant fails to explain why he waited to file the Motion until February 28, 2022, which is only one week before the Final Trial Preparation Conference, which is set for March 7, 2022.  (ECF No. 182.)  To the extent Defendant implicitly blames the Court for ruling on the motions *in limine* as late as January 26, 2022, Defendant nonetheless fails to explain why he did not move to amend his witness list immediately after that ruling, entered nearly five weeks ago.  As the Government explains in its response, it e-mailed defense counsel as early as February 21, 2022, highlighting its objections to the amendment of Defendant's witness list.  Defendant's failure to respond to the Government's communications remains unexplained.

For all of these reasons, the Court finds that Defendant has failed to articulate good cause to amend his witness list so close to the eve of trial.  In its response, the

4

Government states that it does not object to the defense electing not to call witnesses currently on Defendant's witness list.  (ECF No. 200 at 2.)  Therefore, the Court will direct Defendant to file an amended witness list that removes any witnesses from the list that he no longer intends to call at trial.

For the reasons explained above, the Court ORDERS:

1. The Court GRANTS in part and DENIES in part Defendant's Motion for Leave to File Amended Exhibit and Witness List[s] as follows.  (ECF No. 195.)

   a. The Court GRANTS Defendant's request to amend his exhibit list and DIRECTS Defendant to file his amended exhibit list as a separate docket entry no later than tomorrow, **March 2, 2022 at 12:00 p.m.**

   b. The Court DENIES Defendant's request to amend his witness list. However, for clarity, the Court DIRECTS Defendant to file an amended witness list as a separate docket entry no later than tomorrow, **March 2, 2022 at 12:00 p.m.**, which removes any witnesses on Defendant's current witness list that he no longer intends to call at trial.  Defendant may make no other alterations to his witness list.

2. The Court GRANTS the Government's Unopposed Motion for Leave [to] Correct Its Response at ECF 200.  (ECF No. 201.)

Dated this 1st day of March, 2022.

BY THE COURT:

William J. Martinez
United States District Judge