IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC KING,

    Defendant.

---

**ORDER DECLINING TO APPROVE PROCEEDING WITHOUT A JURY**

---

The Government charges Defendant Eric King with one count of assaulting or obstructing a federal official in violation of 18 U.S.C. §§ 111(a)(1), (b).  (ECF No. 1.) This matter is before the Court on Defendant's Waiver of Jury Trial ("Waiver") (ECF No. 204), in which Defendant waives his right to jury by trial and consents to a nonjury trial. Defendant filed a brief in support of his Waiver (ECF No. 208), and the Government filed a response to Defendant's Waiver (ECF No. 211), in which it consents to a nonjury trial, but took no position respecting this Court's approval of same.

For the reasons set forth herein, the Court declines to approve proceeding without a jury in this case.

**I. LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 23(a), the trial of a felony case must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves.  *See United States v. Robertson*, 45 F.3d 1423,

1431 (10th Cir. 1995). Here, the first two criteria are satisfied, and the only remaining issue is whether the Court approves of proceeding with a nonjury trial.

The "trial court is vested with a sound discretion in determining whether a jury trial should or should not be had, notwithstanding the accused's request that he be tried to the court." *Mason v. United States*, 250 F.2d 704, 706 (10th Cir. 1957). In exercising its discretion, the court should not approve a waiver of jury trial "as a mere matter of rote," rather, the court should exercise its duty with an understanding that "[t]rial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience." *Patton v. United States*, 281 U.S. 276, 313 (1930) *overruled on other grounds by Williams v. Florida*, 399 U.S. 78 (1970).

## II. BACKGROUND[1]

The Indictment in this case stems from an August 17, 2018 encounter between Defendant, an inmate at Federal Correctional Institution ("FCI") Florence, and FCI Florence Administrative Lieutenant Donald Wilcox. (*See* ECF Nos. 120-1, 120-2.) On August 17, 2018, a correctional officer lieutenant was assaulted by an inmate (not Defendant) at FCI Florence. (*See id.*) Following that incident, Defendant sent an e-mail to his partner regarding that assault. (ECF No. 120-3.) In pertinent part, the e-mail stated:

> So you want to hear great news?! A newer Paisa ROCKED
> A LT!! That's why we were locked down for a little bit lolol!
> One for the home team! I hope that the weight of every

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2

> prisoner who has been disrespected, felt belittled, felt less
> than human by any guard or Lt ever was behind that punch.
> Wish I would have gotten to see it or experience it via VR.
> This is a win for every prisoner ever.  Hard to stop smiling
> thinking about it.

(*Id.*)  According to Lieutenant Wilcox's interview report, Special Investigative Services discovered Defendant's e-mail, and Special Investigative Services Lieutenant Robert Cordova indicated to Lieutenant Wilcox that Defendant needed to be questioned about the e-mail to determine whether he posed a threat to Federal Bureau of Prisons staff. (ECF No. 120-1.)  Thus, Lieutenant Wilcox arranged to interview Defendant in a vacant office adjacent to the lieutenants' offices at FCI Florence.  (ECF No. 120 at 2; ECF No. 120-1 at 2.)  By contrast, Defendant asserts that he was taken to a mop closet to be interviewed.  (ECF No. 164 at 198–99.)

According to Defendant, he was provoked while in the closet, and he hit Lieutenant Wilcox in self-defense.  (*Id.* at 200–03.)  By contrast, Lieutenant Wilcox contends that as he began asking Defendant about the e-mail he sent earlier that day, Defendant struck him in the face with a closed fist.  (ECF No. 120-1 at 3.)  As a result of the assault, Lieutenant Wilcox suffered a broken nose, damage to blood vessels in his eye, and a finger injury.  (*Id.* at 3–4.)

Federal Bureau of Prisons officials investigated the matter and referred it to the Federal Bureau of Investigation and the United States Attorney's Office for the District of Colorado for potential prosecution, and the case was accepted for prosecution on the same day of the alleged offense.  (ECF No. 120-5 at 3.)

### III. ANALYSIS

The outcome of the trial in this case will hinge in substantial part on an evaluation of the credibility of the only two individuals who have personal knowledge of what

3

happened before Defendant struck Lieutenant Wilcox.  Did Defendant strike Lieutenant Wilcox in self-defense, after having been provoked, as Defendant claims?  Or did Defendant strike Lieutenant Wilcox without provocation upon being questioned about the e-mail he had sent, as Lieutenant Wilcox claims?  This is precisely the sort of factual dispute that is best left to a jury because the dispute will be resolved by an evaluation of Defendant's and Lieutenant Wilcox's credibility.  *United States v. Clapps*, 732 F.2d 1148, 1151 (3d Cir. 1984) *overruled in part on other grounds by McNally v. United States*, 483 U.S. 350 (1987) (affirming trial court's denial of waiver, despite government's consent, "because it anticipated the need for credibility evaluations that were 'best left to a jury of twelve.'"), *cited with approval in United States v. Gore*, 1997 WL 732519, at *2 (10th Cir. Nov. 26, 1997).  While the undersigned is of course capable of resolving this quintessential credibility dispute, in the Court's view leaving this determination to the collective and unanimous decision of a jury is more faithful to the central role a trial by jury plays in our system of justice.

Further, in weighing the contradictory testimony at the heart of this case, a jury is unlikely to be confused because the case does not present complex or technical questions of fact.  *See United States v. Clark*, 943 F.2d 775, 777, 784 (7th Cir. 1991) (jury trial on non-complex charge of being felon in possession of firearm did not present compelling circumstances requiring bench trial), *cited with approval in Gore*, 1997 WL 732519, at *2.  Indeed, in terms of the factual disputes to be resolved by a trier of fact, those disputes are seldom much simpler in federal court trials than the ones presented in this case.

As the Supreme Court has acknowledged, "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that . . . insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer v. United States*, 380 U.S. 24, 37 (1965). However, Defendant has failed to show the existence of any such compelling circumstances in this case. Thus, in keeping with the Court's "substantial responsibility for jealously preserving jury trials, the constitutionally preferred method of disposing of criminal trials," the Court declines to approve proceeding without a jury in this case. *United States v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983).

## IV. CONCLUSION

For the foregoing reasons, having taken into consideration Defendant's Waiver of Jury Trial (ECF No. 204), the Court DECLINES to approve proceeding without a jury in this case. Pursuant to Fed. R.Crim.P. 23 (a) & (b), this case will be tried to a jury of twelve persons and one alternate commencing on March 14, 2022 at 8:30 a.m.

Dated this 3rd day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge