IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-257-WJM

UNITED STATES OF AMERICA,

    Plaintiff

v.

Eric King,

    Defendant

---

### MOTION TO DISMISS INDICTMENT FOR CONSTRUCTIVE AMENDMENT (FATAL VARIANCE)

---

Pursuant to the Sixth Amendment of the United States Constitution and F.R.Crim.P.12(b)(2), Mr. King moves the Court to dismiss the single count indictment against him for assault on a federal officer, 18 USC 111(a)(1), (b) due to fatal variance between the indictment returned by the grand jury and the required elements of the crime as charged against Mr. King.  The statue of offense states:

  (a) In general.--Whoever—

    (1)    forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title *while engaged in or on account of the performance of official duties;*
    …

    shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

    (b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon

King Motion to Dismiss Faulty Indictment    1

> intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 USC §111(a)(1), (b) (emphasis added).

In comparison, the Indictment in this case alleges the following:

> The Grand Jury charges:
> COUNT 1
> On or about August 17, 2018, in the State and District of Colorado, the defendant, ERIC KING, did forcibly assault, resist, oppose, impede, intimidate, and interfere with D.W., *an employee and officer of the Federal Bureau of Prisons, an agency of a branch of the United States Government as designated in Title 18, United States Code, Section 1114*, and it is further alleged that the assault resulted in actual physical contact with, and bodily injury to D.W.

*See* ECF 1, (Emphasis added). The indictment does not allege that Lieutenant Wilcox was acting in the course of his official duties on August 17, 2018.

**I. The Indictment is insufficient for failure to contain a complete essential element of the offense charged.**

The prosecution has engaged in constructive amendment and material variance of an infirm indictment, which this Court cannot now submit to the jury for consideration because such submission would result in an unconstitutional constructive amendment to the indictment. The indictment in this matter fails to properly state an offense, and thus a dismissal with prejudice is required for failing to state a crime.

Every person accused of a crime has the right to be informed of the nature and cause of the accusations filed against him, and it is a fundamental precept of federal constitutional law that a "court cannot permit a defendant to be tried on charges that are not made in the indictment." *Stirone v. United States*, 361 U.S. 212, 217 (1960). A constructive amendment modifies an essential element of the offense charged by the

grand jury. *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 1988). An indictment is constructively amended "if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." *Id*.

Whether an indictment properly charges an offense is a question of law the court has to decide. Such amendments need not be explicit. An implied or constructive amendment also constitutes reversible error. *Stirone*, 361 U.S. at 217-18. In order to rise to this level of constitutional infirmity, the change in the indictment must be more than the addition or deletion of nonessential factual averments. A variance which rises to the level of unconstitutional constructive amendment is per se reversible error. *Apodaca*, 843 F.2d at 428. *See also United States v. Peterman*, 841 F.2d 1474, 1477 (10th Cir.1988)(fatal variance in indictment denies a criminal defendant the fundamental guarantee to be informed of the nature of the offense).

It is acting in the course of one's federal duties that gives the federal courts jurisdiction over offenses committed against federal officers. The United States Attorney is not in the business of bringing federal prosecutions against individuals accused of assault on off-duty prison guards because  to bring a civil This Court has jurisdiction over this offense not merely because Lieutenant Wilcox is alleged to have been a federal officer, but specifically because he was acting in the course of his duties as such. If the fact of "course of duties" is truly an element of the offense, then the government's allegation that Mr. King committed assault on a prison official without mention of that official's duties is insufficient to allege a crime under 18 U.S.C. §111.

The prosecution appears to be operating under a theory that, because "safety and security of the institution" is within all officers' duties, anything an officer says he did pursuant to those broad and vague duties is sufficient to establish this critical element of the offense that is not fully alleged in the indictment. The caselaw is replete with discussion of the element of "acting in the course of duty," and the prosecution is required to prove not just that the alleged victim was a federal officer at the time of the offense, but that the alleged victim was a federal officer engaged in the course of his duties. This is because "whether the federal official wears a uniform, badge, or other identifying credential is not an essential component of the test. Nor is location or work assignment." *United States v. Holder*, 256 F.3d 959, 964 (10th Cir. 2001). The "scope of what the agent is employed to do" is not defined by "whether the officer is abiding by laws and regulations in effect at the time of the incident" (*United States v. Jennings*, 991 F.2d 725, 732 (11th Cir.1993)), nor is the touchstone whether the officer is performing a function covered by his job description, *United States v. Green*, 927 F.2d 1005, 1007 (7th Cir.)("cases interpreting ... Sec. 111 ... do not support ... occupational pigeonholing").

Mere reference to the statute is incomplete when the grand jury did not explicitly find that Wilcox was acting in the course of his duties by taking a prisoner into a off-camera storage closet. By omitting the words "in the course of his duties" the government failed to set forth a necessary element of the offense, and the court cannot fairly submit this faulty indictment to the jury. For this reason and any others that may appear to this Court, Mr. Eric King hereby respectfully requests that the Court dismiss

King Motion to Dismiss Faulty Indictment                                                                 4

the indictment due to unconstitutional constructive amendment of the defective Indictment.

Respectfully submitted,

Date: March 17, 2022

*/s/ Sandra C. Freeman*_____
Sandra C. Freeman (Colorado Bar #50350)
Civil Liberties Defense Center
Attorney for Defendant
1430 Willamette Street, #359
Eugene, OR 97401
Tel: 541-687-9180
sfreeman@cldc.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all other counsel of record.

<u>/s/ Sandra C. Freeman</u>
Sandra C. Freeman (Colorado Bar #50350)