**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 19-cr-257-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ERIC KING,

     Defendant.

*Final Set of Jury Instructions Read to Jury WJM 17 March 2022 14:14*

---

### FINAL JURY INSTRUCTIONS

---

### PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

.

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03 (2021); Stipulated Proposed Jury Instructions S1 (ECF No. 125 at 2) (adopted).

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it  to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04 (2021).

## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers have agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Tenth Circuit Criminal Pattern Jury Instructions § 1.06 (2021).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[4]

---

[4] Tenth Circuit Criminal Pattern Jury Instructions § 1.07 (2021).

## <u>INDICTMENT IS NOT EVIDENCE</u>

The defendant has been charged by the government with violation of a federal law.  The charge against the defendant is contained in the indictment.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the offense.  He is presumed innocent and may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.[5]

---

[5] Fed. Jury Prac. and Instr. § 1.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.[6]

---

[6] Tenth Circuit Criminal Pattern Jury Instructions § 1.19 (2021); Stipulated Proposed Jury Instructions S8 (ECF No. 125 at 10) (adopted).

## BURDEN OF PROOF

The Government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in this case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[7]

---

[7] Tenth Circuit Criminal Pattern Jury Instructions § 1.05 (2021).

## STIPULATIONS

You have heard me say that the parties have stipulated to certain facts. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you may, but are not required to, accept these facts as true:[8]

Government Exhibit 29 is the defendant's shirt that he was wearing at the time of the alleged incident between Lieutenant Wilcox and the defendant on August 17, 2018. The shirt is in the same or substantially the same condition as it was immediately following the incident. It is further stipulated that Government Exhibit 29 is admitted into evidence.

Government Exhibit 30 is the defendant's pants that he was wearing at the time of the alleged incident between Lieutenant Wilcox and the defendant on August 17, 2018. The pants are in the same or substantially the same condition as they were immediately following the incident. It is further stipulated that Government Exhibit 30 is admitted into evidence.

Government Exhibit 31 is the defendant's glasses that he was wearing at the time of the alleged incident between Lieutenant Wilcox and the defendant on August 17, 2018. The glasses are in the same or substantially the same condition as they were immediately following the incident. It is further stipulated that Government Exhibit 31 is admitted into evidence.

Government Exhibit 32 is Lieutenant Wilcox's shirt that he was wearing at the time of the alleged incident between Lieutenant Wilcox and the defendant on August 17, 2018. The shirt is in the same or substantially the same condition as it was immediately

---

[8] Colorado Jury Instructions—Civil § 1:13.

following the incident. It is further stipulated that Government Exhibit 32 is admitted into evidence.

Government Exhibit 33 is Lieutenant Wilcox's pants that he was wearing at the time of the alleged incident between Lieutenant Wilcox and the defendant on August 17, 2018. The pants are in the same or substantially the same condition as they were immediately following the incident. It is further stipulated that Government Exhibit 33 is admitted into evidence.[9]

---

[9] Trial Stipulations (ECF No. 224).

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the

11

discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[10]

---

[10] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (2021); Stipulated Proposed Jury Instructions S2 (ECF No. 125 at 3–4) (modified).

## **EVIDENCE ADMITTED FOR LIMITED PURPOSE**

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.[11]

---

[11] 3 Fed. Jury Prac. & Instr. § 104.42 (5th ed.).

## **EVIDENCE FOR A LIMITED PURPOSE REGARDING DUSTIN GUSTAFSON**

You heard evidence from Dustin Gustafson about an interaction he had with the defendant.  I instruct you that this evidence was admitted only as it bears on the defendant's motive or intent, and therefore, you must consider it only for that limited purpose and not for any other purpose.[12]

---

[12] 9th Cir. Crim. J.I. 2.12 (evidence for a limited purpose); Stipulated Supplemental Proposed Jury Instructions Following Ruling on Motions *in Limine* (ECF No. 189 at 1) (adopted).

## USE OF WORDS "THREAT" AND "ASSAULT"

During the trial you have heard the lawyers or the witnesses use the terms "threat" or "assault."  These are common words in the English language and you should not attach any special significance to any lawyer's or witness's use of the terms "threat" or "assault" in evaluating the evidence in this case.  I remind you that it is for you, and you alone, to determine whether or not the government has proven beyond a reasonable doubt the defendant committed the crime charged in the indictment.[13]

---

[13] Stipulated Supplemental Proposed Jury Instructions Following Ruling on Motions *in Limine* (ECF No. 189 at 2) (adopted; no other source provided).

## IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of Lieutenant Wilcox, Lieutenant Kammrad, and Richard White. You have also heard that, before this trial, they made statements that may be different from their testimony here in court.

The earlier statements were brought to your attention only to help you decide how believable their testimony in this trial was. You cannot use it as proof of anything else.  You can only use it as one way of evaluating their testimony here in court.[14]

---

[14] Tenth Circuit Criminal Pattern Jury Instructions § 1.10 (2021); Stipulated Proposed Jury Instructions S4 (ECF No. 125 at 6) (adopted).

## EVIDENCE OF A PRIOR CONVICTION

### (Defendant's Testimony)

You have heard evidence that the defendant has been previously convicted of a felony, that is, a crime punishable by imprisonment for a term of years. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.[15]

---

[15] Tenth Circuit Criminal Pattern Jury Instructions § 1.11 (2021); Stipulated Proposed Jury Instructions S5 (ECF No. 125 at 7) (modified).

## SIMILAR ACTS/OTHER ACTS EVIDENCE

You have heard evidence of other acts engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's motive or intent and for no other purpose.  Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.[16]

---

[16] Tenth Circuit Criminal Pattern Jury Instructions § 1.30 (2021) (modified); Stipulated Proposed Jury Instructions S11 (ECF No. 125 at 13) (modified); Defendant's Competing Supplemental Proposed Jury Instructions Following Ruling on Motions *in Limine* (ECF No. 188 at 1) (Defendant used the Tenth Circuit pattern except modified to add the last sentence, which is not included in this instruction); Government's Competing Supplemental Proposed Jury Instruction Following Ruling on Motions *in Limine* (ECF No. 190 at 1) (used the Tenth Circuit pattern without modification).

## **DEFENDANT IN CUSTODY**

During trial, you heard evidence from which you might infer or conclude that the defendant is currently in custody.  You are instructed that you shall not consider this fact or any inference from this fact whatsoever of any evidence of his guilt of the crime charged against him in this case.[17]

---

[17] Jury instruction from *United States v. Pappas*; this instruction was not proposed by either party.

## **ALL AVAILABLE WITNESSES NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[18]

---

[18] 3 Fed. Jury Prac. & Instr. § 105.11 (5th ed.).

## **NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[19]

---

[19] 3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.).

## **<u>LAWYERS' OBJECTIONS</u>**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.[20]

---

[20] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## PART II: ELEMENTS OF CRIME CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  Now I will explain the elements of the crime charged in this case.

## ASSAULTING A FEDERAL OFFICER: 18 U.S.C. § 111

Mr. King is charged in count one with a violation of 18 U.S.C. section 111.

This law makes it a crime to forcibly assault a federal officer while the officer is engaged in the performance of his official duties.

To find Mr. King guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Mr. King forcibly assaulted D.W.;

*Second*: D.W. was a federal officer who was then engaged in the performance of his official duty, as charged;

*Third*: Mr. King did such act intentionally, and;

*Fourth*: in doing such acts, Mr. King inflicted bodily injury.

Before you can find the defendant guilty you must find, beyond a reasonable doubt, that he acted forcibly. The defendant acted forcibly if he used force, attempted to use force, or threatened to presently use force against the federal officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The act proscribed by the offense—assault—requires an underlying simple assault. Simple assault means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. Thus, in addition to finding beyond a reasonable doubt that the defendant acted forcibly, you must also find that the defendant intended to inflict or intended to threaten injury.

The term "bodily injury" means an injury that is painful and obvious or is of a type for which medical attention ordinarily would be sought.

You are instructed that "D.W." is a federal correctional officer, and that it is a part of the official duties of such an officer to ensure the safety and security of Bureau of Prisons inmates, staff, and facilities.

It is not necessary to show that the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted that officer.

A person is "engaged in the performance of his official duties" if he is acting within the scope of what he is employed to do rather than engaging in a personal frolic of his own.

On the other hand, the defendant would not be guilty of assaulting an officer if the defendant had no knowledge of the officer's identity and reasonably believed he was the subject of a hostile attack against his person such that he was entitled to use reasonable force in his self-defense. The government must establish beyond a reasonable doubt that the defendant did not act in self-defense.

The test of whether D.W. was a federal official "engaged in the performance of his official duties" is whether the facts and circumstances show that D.W. acted within the compass of what he is employed to do as a federal officer or whether he engaged in a personal frolic of his own.[21]

---

[21] Tenth Circuit Criminal Pattern Jury Instructions § 1.09.1 (2021); *United States v.*

If you unanimously find the government has proven this count against the defendant beyond a reasonable doubt, then your verdict must be guilty on Count One. If you unanimously find the government has not proven this count against the defendant beyond a reasonable doubt, then your verdict must be not guilty on Count One.

---

*Holder*, 256 F.3d 959, 963–64 (10th Cir. 2001); Government's Disputed Proposed Jury Instruction (ECF No. 126) (modified a portion of the "official duty" phrase of the Tenth Circuit pattern instruction).

## SELF-DEFENSE

The defendant, Eric King, has offered evidence that he was acting in self-defense.

A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

A person may use force which is intended or likely to cause death or great bodily harm only if he reasonably believes that force is necessary to prevent death or great bodily harm to himself.

To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

*Either*, the defendant did not act in self-defense,

*Or*, it was not reasonable for the defendant to think that the force he used was necessary to defend himself against an immediate threat.[22]

---

[22] Tenth Circuit Criminal Pattern Jury Instruction § 1.28 (2021); Stipulated Proposed Jury Instructions S13 (ECF No. 125 at 15) (adopted).

## CAUTION—PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.[23]

---

[23] Tenth Circuit Criminal Pattern Jury Instructions § 1.20 (2021); Stipulated Proposed Jury Instructions S9 (ECF No. 125 at 11) (adopted).

## PART III: DELIBERATION AND VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.[24]

---

[24] Tenth Circuit Criminal Pattern Jury Instructions § 1.23 (2021).

## **COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.[25]

---

[25] Tenth Circuit Criminal Pattern Jury Instructions § 1.44 (2021).

## PART IV: THE INDICTMENT

The indictment is reproduced below for your convenience.  The indictment states:

### COUNT ONE

On or about August 17, 2018, in the State and District of

Colorado, the defendant, ERIC KING, did forcibly assault,

resist, oppose, impede, intimidate, and interfere with D.W.,

an employee and officer of the Federal Bureau of Prisons,

an agency of a branch of the United States Government as

designated in Title 18, United States Code, Section 1114,

and it is further alleged that the assault resulted in actual

physical contact with, and bodily injury to D.W.


In violation of Title 18, United States Code, Sections

111(a)(1), (b).[26]


You will note that the indictment charges that the crime was committed on or

about a certain date.  The Government must prove beyond a reasonable doubt that the

defendant committed the crime reasonably near that date.[27]

~~Some counts~~ The count WJM of the indictment may accuse a defendant of violating the same

statute in more than one way.  In other words, the indictment may allege that the statute

in question was violated by various acts which are in the indictment joined by the

---

[26] Stipulated Proposed Jury Instructions S12 (ECF No. 125 at 14) (adopted).

[27] Tenth Circuit Criminal Pattern Jury Instructions § 1.18 (2021); Stipulated Proposed Jury Instructions S6 (ECF No. 125 at 8) (adopted).

conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.  In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.[28]

Remember, the indictment is not evidence.  You may not rely on anything said in the indictment to find the defendant guilty on any charge, and you must not let the indictment influence your weighing of the evidence.  You are receiving the indictment simply to help you understand what you are deliberating about when you consider each count.

---

[28] Fed. R. Crim. P. 7(c), advisory committee notes, n.2 (1944).  *United States v. Iverson*, 818 F.3d 1015, 1026 (10th Cir.), *cert. denied*, 137 S.Ct. 217 (2016).  *See also United States v. Gunther*, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that crime denounced in a statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.") (internal citations omitted).